Filing # 230737496 E-Filed 09/09/2025 09:37:53 AM

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

MINH BUI, as Father and Natural
Guardian of W.B., a minor

CASE NO:

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
A foreign corporation, and
GRIMMWAY ENTERPRISES, INC.,
A foreign corporation

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff MINH BUI (herein "BUI" or "Plaintiff"), as father and natural guardian of W.B., a minor, by and through the undersigned counsel, and hereby sues the Defendants, COSTCO WHOLESALE CORPORATION (herein "COSTCO"), a foreign corporation, and GRIMMWAY ENTERPRISES, INC., (herein "GRIMMWAY") a foreign corporation, and states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed the jurisdiction minimal amount of Fifty Thousand Dollars ($50,000.00), exclusively of attorneys fees and costs.

2. At all material times, the Plaintiff, BUI, was and is a resident of Broward, County Florida, over the age of eighteen (18) and is otherwise sui juris.

3. At all material times, the Plaintiff, BUI, was and is the father and natural guardian of W.B., a minor.

1

4. At all material times, the Defendant, COSTCO, was and is a foreign corporation authorized to and conducting business in Broward County, Florida.

5. At all material times, the Defendant, GRIMMWAY, was and is a foreign corporation authorized to and conducting business in Broward County, Florida.

6. At all times the Defendant, COSTCO, was and is the owner and/or operator of a certain real property and a retail business located at or near 1800 W Sample Road, Pompano, Beach, FL 33064.

7. At all times the Defendant, GRIMMWAY, was and is the manufacturer of the Cal-Organic Farms Whole Organic Carrots (herein "the Product"), sold at the store.

8. That on or about September 7, 2024, the Plaintiff, BUI, and his minor son, W.B., were business invitees at the store.

9. That shortly after consuming the Cal-Organic Farms Whole Organic Carrots purchased from COSTCO, the Plaintiff, BUI, began experiencing symptoms including, but not limited to, severe lower abdominal pain and constipation. The Plaintiff sought medical treatment and was diagnosed with *mesenteric adenitis*, which is caused by *Escherichia coli* ("E. coli"), leading to significant pain, suffering, and interference with his normal activities. The illness was later linked to the contaminated carrots purchased from COSTCO.

10. That on November 19, 2024, over a month after purchasing Cal-Organic Farms Whole Organic Carrots distributed by GRIMMWAY from COSTCO, COSTCO issued a food safety recall notice for this item, informing the Plaintiff of contamination with Shiga toxin-producing E. coli.

**COUNT I – STRICT LIABILITY AS TO COSTCO (Contaminated Food Product)**

2

The Plaintiff re-adopts and realleges each and all of the allegations contained in Paragraphs 1-10 as is fully set forth herein.

11. At all material times, COSTCO owed its business patrons and its business invitees, including the minor Plaintiff, W.B., a duty of reasonable care to protect Plaintiff from dangerous and hazardous conditions that could injure the Plaintiff.

12. The Product was defective and dangerous because it was contaminated with E. coli, a known harmful pathogen.

13. COSTCO is strictly liable for placing a defective food product into the stream of commerce.

14. COSTCO is liable for the contaminated product because it committed one or more of the following actions or omissions:

   a. The Defendant sold and/or distributed the food;

   b. The food was contaminated and reasonably dangerous;

   c. The contamination existed when the food left the Defendant's control;

   d. Plaintiff consumed the food and was injured;

   e. Plaintiff ate the food in a reasonably foreseeable way.

15. The minor Plaintiff, W.B., suffered severe injuries, illness, pain and suffering, loss of capacity for the enjoyment of life, exacerbation of pre-existing conditions, expense of hospitalization, and medical and nursing care and treatment.

**WHEREFORE**, the Plaintiff, MINH BUI, as father and natural guardian of W.B., a minor, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages, costs, and any other relief which this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

3

### COUNT II – STRICT LIABILITY AS TO GRIMMWAY (Contaminated Food Product)

The Plaintiff re-adopts and realleges each and all of the allegations contained in Paragraphs 1-10 as is fully set forth herein.

16. At all material times, the Defendant, GRIMMWAY, as the manufacturer of the Product consumed by the minor Plaintiff, W.B., owed a duty of reasonable care to ensure that its products were safe for human consumption and free from dangerous and hazardous conditions, including contamination that could cause injury.

17. The Product was defective and dangerous because it was contaminated with **E. coli**, a known harmful pathogen.

18. GRIMMWAY is strictly liable for placing a defective food product into the stream of commerce.

19. GRIMMWAY is strictly liable for placing a defective food product into the stream of commerce.

20. GRIMMWAY, is liable for the contaminated product because it committed one or more of the following actions or omissions:

    a.  The Defendant sold and/or distributed the food;

    b.  The food was contaminated and reasonably dangerous;

    c.  The contamination existed when the food left the Defendant's control;

    d.  Plaintiff consumed the food and was injured;

    e.  Plaintiff ate the food in a reasonably foreseeable way.

21. The minor Plaintiff, W.B., suffered severe injuries, illness, pain and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of pre-existing conditions, and medical and nursing care and treatment.

**WHEREFORE**, the Plaintiff, MINH BUI, as father and natural guardian of W.B., a minor, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages, costs, and any other relief which this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

## COUNT III – NEGLIGENCE AS TO COSTCO

The Plaintiff re-adopts and realleges each and all of the allegations contained in Paragraphs 1-10 as is fully set forth herein.

22. At all material times, COSTCO, was and is a distributor of Cal-Organic Farms Whole Organic Carrots, directly responsible for maintaining and/or controlling the quality of the Product, and is therefore liable to the Plaintiff, BUI.

23. At all material times, COSTCO owed a duty to exercise reasonable care in the sourcing, handling, storage, and distribution of food products to ensure they were safe for human consumption and free from contamination.

24. COSTCO breached this duty by failing to properly inspect, monitor, or verify the safety of the Product before distributing it into the stream of commerce, thereby allowing contaminated food to reach consumers.

25. COSTCO also failed to issue adequate and timely warnings to consumers about the contamination risk once it became known or reasonably should have been known.

26. As a direct and proximate result of COSTCO's negligence, the minor Plaintiff, W.B., suffered severe injuries, illness, pain and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of pre-existing conditions, and medical and nursing care and treatment.

5

**WHEREFORE**, Plaintiff, MINH BUI, as father and natural guardian of W.B., a minor, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages, costs, and any other relief which this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

## COUNT IV – NEGLIGENCE AS TO GRIMMWAY

The Plaintiff re-adopts and realleges each and all of the allegations contained in Paragraphs 1-10 as is fully set forth herein.

27. At all material times, GRIMMWAY was and is a manufacturer of Cal-Organic Farms Whole Organic Carrots, directly responsible for manufacturing safe food products and is therefore liable to the Plaintiff, MINH BUI, as father and natural guardian of W.B., a minor.

28. At all material times, GRIMMWAY owed a duty to exercise reasonable care in the manufacturing, processing, testing, and distribution of food products to ensure they were safe for human consumption and free from contamination.

29. GRIMMWAY breached this duty by failing to properly inspect, monitor, verify the safety of the Product before distributing it into the stream of commerce, or use reasonable care in the production of the product  thereby allowing contaminated food to reach and injure the minor Plaintiff, W.B.

30. GRIMMWAY also failed to issue adequate and timely warnings to consumers about the contamination risk once it became known or reasonably should have been known.

31. As a direct and proximate result of GRIMMWAY's negligence, the minor Plaintiff, W.B., suffered severe injuries, illness, pain and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of pre-existing conditions, and medical and nursing care and treatment.

**WHEREFORE**, Plaintiff, MINH BUI, as father and natural guardian of W.B., a minor, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages, costs, and any other relief which this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

Dated this 9th day of September, 2025.

**RADER LAW GROUP, LLC**
*Attorneys for Plaintiff*
3111 N. University Drive, Ste. 705
Coral Springs, FL 33065
Telephone:(954)913-2273/Fax:(954)834-5735
Primary Email: HNeedelman@RaderLawGroup.com
Secondary Email: BBailey@RaderLawGroup.com

BY:/s/ Heather S. Needelman
ANDREW J. RADER, ESQUIRE
Bar No.:  421987
HEATHER S. NEEDELMAN, ESQUIRE
Bar No.: 92925

7